CANADIAN NATIONAL RAILROAD,
Plaintiff-Appellant,

v.

George NOEL and Jet Intermodal, Inc.,
Defendants-Third-Party Plaintiffs-Appellants,

v.

STATE of Wisconsin, DEPARTMENT OF TRANSPORTATION,
Third-Party Defendant-Respondent.

The HANOVER INSURANCE COMPANY,
Plaintiff,

v.

Robert G. ZIMMERMAN
and Canadian National Railroad,
Defendants.

Court of Appeals

*No. 2006AP2617. Submitted on briefs May 22, 2007.
—Decided June 12, 2007.*

2007 WI App 179

(Also reported in 736 N.W.2d 900.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Brian D. Baird, Patrick D. McNally* and *Patryk Silver* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

On behalf of the third-party defendant-respondent, the cause was submitted on the brief of *Adrian Dresel-Velasquez*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Canadian National Railroad[1] appeals an order[2] dismissing negligence claims against the Wisconsin Department of Transportation. Canadian National argues the DOT is not entitled to sovereign immunity because it is an "independent going concern." We disagree and affirm the order.

¶ 2. For purposes of this appeal, the facts of this case are relatively straightforward. On February 23, 2000, a freight train owned by Canadian National and engineered by Robert Zimmerman collided with a tractor-trailer owned by Jet Intermodal, Inc., and driven by George Noel. Canadian National sued Jet, Noel, and Great West Casualty Insurance Company for Noel's negligence in Marathon County case No. 2002CV744. Noel and Jet counterclaimed against Canadian National. Great West, which did not issue Jet's liability policy, was eventually dismissed from the case.

---

[1] The procedural history of this case is somewhat complex, although the facts are straightforward. According to our record, all the parties except the DOT joined in a notice of appeal and all were initially captioned as appellants with the DOT as the respondent. At some point, the caption was amended by the clerk's office to the caption currently attached to this case. None of the parties notified the clerk's office that the caption needed to be changed.

Despite the caption, the only appellant's brief filed in this case is the brief of "plaintiff-appellant, Canadian National Railroad, and defendant, Robert G. Zimmerman." However, there is no correspondence from the other joint appellants that they were joining in the briefs or otherwise declining to file briefs. This decision is dispositive as to all parties listed in the caption, irrespective of their current designations.

[2] Although there are two Marathon County case numbers captioned, the cases were consolidated in the trial court and, therefore, there is a single order from which this appeal is taken.

¶ 3. Marathon County case No. 2003CV164, where Hanover Insurance Company sued Canadian National and Zimmerman, was consolidated with case No. 2002CV744 in the circuit court. Noel and Jet then filed a third-party complaint against the DOT, alleging negligent planning, building, and maintenance of the intersection where the collision occurred, and Hanover amended its complaint to add the DOT as a defendant.[3] Canadian National and Zimmerman, as defendants in Hanover's action, cross-claimed against the DOT.

¶ 4. Canadian National served the DOT with seventeen requests for admission. Rather than responding directly to the requests, the DOT filed a motion to dismiss for failure to state a claim, asserting sovereign immunity, and asked for a stay of discovery pending resolution of its motion. The court denied the stay, but concluded the DOT was neither a body corporate nor politic and there was no statute authorizing suit against the agency. Accordingly, the court held the DOT was entitled to sovereign immunity and dismissed the claims against it. Canadian National appeals.

## Discussion

■
¶ 5. The sole question on appeal is whether the DOT is protected by sovereign immunity. Whether a claim is barred by sovereign immunity is a question of law. *See Erickson Oil Prods., Inc. v. State*, 184 Wis. 2d 36, 42, 516 N.W.2d 755 (Ct. App. 1994). Canadian

---

[3] Hanover captioned its motion with only the "State of Wisconsin," but the pleading makes it clear that Hanover intended to name the DOT as the specific defendant.

National first asserts the DOT is not entitled to invoke the doctrine because the agency is an "independent going concern."

¶ 6. The sovereign immunity doctrine originates in art. IV, § 27 of the Wisconsin Constitution, which states: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." "Under this rule, the state may only be sued upon its express consent; consent to suit may not be implied." *Bahr v. State Inv. Bd.*, 186 Wis. 2d 379, 387, 521 N.W.2d 152 (Ct. App. 1994). For purposes of this rule, an action against a state agency is an action against the state. *Id.* at 387–88. Further, immunity is procedural in nature and, when properly raised, it deprives the court of personal jurisdiction over the state. *Lister v. Board of Regents*, 72 Wis. 2d 282, 291, 240 N.W.2d 610 (1976).

¶ 7. The legislature, however, "may create an agency with independent proprietary powers or functions and sufficiently independent of the state to be sued as such." *Kegonsa Jt. Sanitary Dist. v. City of Stoughton*, 87 Wis. 2d 131, 143–44, 274 N.W.2d 598 (1979) (citation omitted). When the state creates such an "independent going concern," it waives sovereign immunity for that body. *Id.* This is a "traditionally narrow exception." *Busse v. Dane County Reg. Plan. Comm'n*, 181 Wis. 2d 527, 539, 511 N.W.2d 356 (Ct. App. 1993).[4]

---

[4] This characterization of the exception as "narrow" is directly contrary to Canadian National's assertion that the trial court must "seek out what is minimally needed to satisfy the 'independent going concern' test . . . ."

223

¶ 8.     There is no definitive list of "independent proprietary powers" for us to consult in considering the nature of a state agency for a sovereign immunity analysis. *See Majerus v. Milwaukee County*, 39 Wis. 2d 311, 314, 159 N.W.2d 86 (1968). Thus, Canadian National has provided a list of what it considers to be the relevant powers of the DOT, including the statutory right to execute contracts and the power to acquire and dispose of real estate. Canadian National also points out that the DOT can be sued in condemnation proceedings under WIS. STAT. ch. 32, in wage claim actions under WIS. STAT. ch. 109, and in contract pursuant to WIS. STAT. § 84.41(1).[5]

¶ 9.     However, it appears that only three agencies have ever been held to be independent going concerns for the purposes of finding an exception to sovereign immunity. These agencies were the State Armory Board in *Majerus*, 39 Wis. 2d at 315; the State Housing Finance Authority in *State ex rel. Warren v. Nusbaum*, 59 Wis. 2d 391, 424–25 n.16, 208 N.W.2d 780 (1973); and the State Investment Board in *Bahr*, 186 Wis. 2d at 399.[6] In each of those three cases, the courts noted the

---

[5] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[6] *Cf. Kegonsa Jt. Sanitary Dist. v. City of Stoughton*, 87 Wis. 2d 131, 144, 274 N.W.2d 598 (1979) (Department of Natural Resources not an independent going concern "despite its broad powers" because there is no express legislative authorization for suit); *Lister v. Board of Regents*, 72 Wis. 2d 282, 292–93, 240 N.W.2d 610 (1976) (University of Wisconsin Board of Regents lacked sufficient budgetary autonomy to be an independent going concern); *Townsend v. Wisconsin Desert Horse Ass'n*, 42 Wis. 2d 414, 424, 167 N.W.2d 425 (1969) (Wisconsin Exposition Department, not set up as separate body politic or corporate and not given power to sue or be sued, is not

agencies had broad statutory authorization to "sue and be sued" and were created as bodies corporate and/or politic.

■

¶ 10.    Neither of these factors are present with the DOT. It has not been created as body corporate or politic. More notably, however, is that there is no statutory authorization for this suit. "[C]onsent must be clearly and expressly stated." *Erickson Oil Prods.*, 184 Wis. 2d at 43. The situations Canadian National cites permitting the DOT to be sued—Wis. Stat. § 84.41 and chs. 32 and 109—are limited instances of consent. They do not constitute a broad "sue and be sued" waiver. Indeed, while Canadian National has sued the DOT for negligence, the state "has not given statutory consent to suit in tort." *Carlson v. Pepin County*, 167 Wis. 2d 345, 356, 481 N.W.2d 498 (Ct. App. 1992). Accordingly, despite the DOT's broad powers, it "is only an administrative body, an arm or agency of the state." *Kegonsa*, 87 Wis. 2d at 144. The state's immunity extends to it.

independent going concern); *Sullivan v. Board of Regents of Normal Sch.*, 209 Wis. 242, 244, 244 N.W. 563 (1932) (Board of Regents, although a body corporate, was by the same statute only an arm of the state and, further, lacked sufficient powers to suggest any intent to make it an independent going concern); *Erickson Oil Prods., Inc. v. State*, 184 Wis. 2d 36, 53, 516 N.W.2d 755 (Ct. App. 1994) (court refused to infer statutory consent to sue the DOT for specific performance despite other statutory instances when the DOT can be sued); *Busse v. Dane County Reg. Plan. Comm'n*, 181 Wis. 2d 527, 537–39, 511 N.W.2d 356 (Ct. App. 1993) (Planning Commission is not an independent going concern despite its powers because it lacked authority to sue and be sued and was not a body corporate or politic); and *Carlson v. Pepin County*, 167 Wis. 2d 345, 356, 481 N.W.2d 498 (Ct. App. 1992) (no statutory consent to sue the state in tort).

¶ 11. Canadian National also asserts that the DOT is not entitled to sovereign immunity because it failed to respond to Canadian National's requests for admissions, thereby conceding the matters in the requests. The DOT responds that its request for a stay of discovery constituted its response.

¶ 12. We conclude that even if we hold the requests were admitted, the DOT is still entitled to sovereign immunity. The requests did not ask the DOT to admit that it is a body corporate or politic, or that there is statutory consent to sue the DOT in tort, or even that the DOT is an independent going concern. Rather, Canadian National asked the DOT to admit facts about its background and its powers. Even considering all of these admissions, we would still hold the DOT is not an independent going concern because it is not a body corporate or politic and there is no legislative consent permitting the DOT to be sued in tort.

*By the Court.*—Order affirmed.