**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 10, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2018AP1384**

Cir. Ct. No. 2017CV4403

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

BUFKIN ACADEMY, LLC D/B/A TEXAS BUFKIN CHRISTIAN ACADEMY,

PLAINTIFF-APPELLANT,

V.

CAROLYN STANFORD TAYLOR, MICHAEL THOMPSON AND WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

¶1     BRASH, P.J.  Bufkin Academy, LLC appeals an order of the trial court granting summary judgment in favor of the Wisconsin Department of Public Instruction (DPI).  The Academy was a participant in the Milwaukee Parental Choice Program, and DPI had previously notified the Academy that due to

ongoing concerns regarding its financial status, DPI was barring it from continuing to participate in the Program. The Academy appealed that decision, and subsequently entered into a Settlement Agreement with DPI which outlined specific conditions that the Academy had to meet, by the deadlines set in the Agreement, in order to remain in the Program. The Academy failed to meet several of those deadlines, and therefore DPI notified the Academy that it was barred from the Program.

¶2      The Academy then filed the action underlying this appeal, alleging that DPI had breached the terms of the Settlement Agreement and its duty of good faith under the Agreement. The Academy also sought a declaratory judgment of its rights under the Agreement and an injunction to keep DPI from barring it from the Choice Program. The State argued that DPI did not breach the terms of the Agreement because the Academy had in fact failed to meet deadlines set forth in the Agreement. The State further asserted that, in any event, the Academy's claims fail under the doctrine of sovereign immunity.

¶3      Although the trial court did not address DPI's sovereign immunity defense, it held that the Academy's claims failed and granted summary judgment in DPI's favor, dismissing all of the Academy's claims against DPI. We affirm.

## BACKGROUND

¶4      The Choice Program allows students residing in the City of Milwaukee to attend a private school from kindergarten through twelfth grade, at no cost to the student, if the student meets certain requirements. *See Davis v. Grover*, 166 Wis. 2d 501, 514, 480 N.W.2d 460 (1992). Additionally, any private school participating in the Program "must meet defined performance criteria and submit to financial and performance audits by the state." *Id.* at 514-15 (footnote

omitted).  This includes the submission of financial reports by participating schools for review by DPI on an annual basis.

¶5    The Academy has been a participant in the Choice Program since approximately 1998.  Beginning with the 2008-09 school year, the review of the Academy's financial report triggered "substantial doubt about the [Academy]'s ability to continue as a going concern."  As a result, DPI required the Academy to provide a surety bond in October 2009, payable to the State of Wisconsin.

¶6    Concerns regarding the Academy's financial viability continued over the next several years, as its financial reports continued to indicate that the Academy was suffering from recurring losses and was operating at a net capital deficiency.  In 2011, DPI mandated that the Academy provide a budget and a turnaround plan twice a year, due on or before February 15 and July 1 of each year.

¶7    In December 2015, the Academy's financial report showed that it had several unpaid bills totaling over $7000, had failed to pay required tax withholdings, had a check returned for insufficient funds in an amount of over $1000, and was not current with payments to the Internal Revenue Service.  Additionally, a financial audit for the 2015-16 school year revealed that the Academy had a line of credit and a commercial loan with Seaway Bank and Trust Company, both of which had matured, with over $20,000 in interest due.

¶8    In July 2016, the Academy missed its July 1 deadline for submitting the budget and turnaround plan.  The Academy submitted these documents on July 20, 2016, but they were incomplete.  DPI notified the Academy that it was to submit a revised budget with all required attachments by October 3, 2016.  The Academy submitted some additional documents by that deadline, but did not

provide all of the items required by DPI. Therefore, on November 7, 2016, DPI issued a notice to the Academy that it was going to bar it from participating in the Choice Program.

¶9    The Academy appealed that determination with the DPI. The parties ultimately entered into a Settlement Agreement on December 28, 2016, which allowed the Academy to remain in the Choice Program subject to several conditions. Those conditions included the Academy becoming current with all outstanding payments owed to the Internal Revenue Service, the Wisconsin Department of Revenue, and the Department of Workforce Development by February 1, 2017; and paying off or renewing its loans with Seaway Bank by May 1, 2017. It also required that the Academy comply with all requirements set forth in WIS. ADMIN. CODE § PI 35.15(6) (Aug. 2016), including the conditions for maintaining its surety bond. The Agreement stated that if the Academy failed to meet any of these obligations, DPI could issue an order barring the Academy from participating in the Program. The Agreement further indicated that in that event, the Academy "expressly waives all appeal or other rights it may have including those under WIS. STAT. [ch.] 227 [(2017-18)[1]], to challenge such an order."

¶10    Seaway Bank, which held the Academy's loans, failed and was shut down on January 27, 2017. The Academy attempted to meet with the successor institutions to discuss the loans, but was unsuccessful. However, the Academy was able to obtain preapproval for a loan from a different bank on April 28, 2017. The loan was to close on or before May 30, 2017, subject to several contingencies,

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

including satisfactory appraisals of the properties to be used as collateral, and satisfactory credit reports on the individual and corporate entity involved.

¶11  DPI felt that the preapproval letter with those contingencies was not sufficient to satisfy the requirement of becoming current on the Seaway Bank loans by May 1, 2017, as set forth in the Settlement Agreement.  Additionally, the Academy had failed to file an hours of instruction report by the May 1, 2017 deadline; timely submission of this report is required to maintain a surety bond. *See* WIS. ADMIN. CODE §§ PI 35.15(6)(b)1., PI 35.07(1)(b).  DPI sent the Academy a letter of noncompliance on May 9, 2017, citing these reasons, followed by an order, dated May 19, 2017, barring the Academy from participation in the Choice Program.

¶12  The Academy then filed the complaint underlying this appeal on May 30, 2017.  The Academy alleged breach of contract and breach of implied duty of good faith with regard to the terms of the Settlement Agreement, and requested a declaratory judgment of its rights under the Agreement.  The Academy also sought an injunction to keep DPI from terminating it from the Choice Program and making a claim against its surety bond.

¶13  The trial court held a hearing on June 27, 2017, on the Academy's request for a temporary injunction, as well as on a motion to dismiss filed by DPI.[2] The court refused to consider DPI's motion to dismiss because its brief in support of the motion did not comply with the local rules of the Milwaukee County Circuit Court.

---

[2] The Honorable John J. DiMotto presided over this hearing.

¶14    The trial court then granted the Academy's motion for a temporary injunction, holding that DPI could not terminate the Academy from the Choice Program. However, the court further ruled that the Academy could not participate in the Program until it met all the requirements for participation in the Program as set forth in the notice of noncompliance. On September 8, 2017, the court found that the Academy had met all of those required conditions, and therefore ordered that it be allowed to participate in the Program.

¶15    DPI filed a motion for summary judgment in January 2018. It argued that the Academy's claims failed under the doctrine of sovereign immunity because the Academy did not properly pursue relief under WIS. STAT. ch. 227 relating to judicial review of an administrative agency decision. Furthermore, DPI pointed out that the Academy had waived its right to such judicial review by entering into the Settlement Agreement, and that it was undisputed that the Academy had failed to timely satisfy the terms of the Agreement.

¶16    In response, the Academy asserted that summary judgment at that point was inappropriate. The Academy believed that the case was "over" because it "had received the relief it had sought—a court order allowing it back into the [Choice] Program." As a result, the Academy had not conducted discovery, and it pointed out that the trial court never issued a scheduling order in the case with a time frame for discovery, motions, etc. The Academy therefore requested that the trial court stay the motion for summary judgment until discovery had taken place.

¶17    The trial court nevertheless heard the summary judgment motion on April 27, 2018.[3] The court remarked that the Academy's assumption that the case

---

[3] The summary judgment motion was heard by the Honorable William S. Pocan.

was "over" after the grant of the temporary injunction was unreasonable because "[t]he very nature of temporary in front of injunction means that, the matter is not done." The court held that the Academy's claims of breach of contract and breach of the duty of good faith failed as a matter of law because they were not supported by facts that would prove the claims. The court further rejected the Academy's argument that the doctrine of impossibility applied to the condition in the Settlement Agreement relating to the refinance of its loans with Seaway Bank. The court observed that the condition of restructuring the loans was included to ensure that the Academy became current with its financial obligations; it did not specifically require that the Academy continue its lending relationship with Seaway Bank. Moreover, with regard to the Academy's request for a declaratory judgment, the trial court found that with its ruling on the other causes of action "[t]here is really nothing for the [c]ourt to declare that would benefit" the Academy.

¶18     Therefore, the trial court granted summary judgment dismissing all of the Academy's claims against DPI. The court also reversed the order stemming from the June 27, 2017 hearing which enjoined DPI from terminating the Academy from the Choice Program and calling in its surety bond. This appeal follows.

## DISCUSSION

¶19     "We review a summary judgment decision *de novo* applying the standards set forth in [WIS. STAT.] § 802.08, in the same manner as the trial court." ***Turkow v. DNR***, 216 Wis. 2d 273, 278, 576 N.W.2d 288 (Ct. App. 1998). "Summary judgment is appropriate when there exists no genuine issue of material

fact and the party is entitled to judgment as a matter of law."  *Id.*; *see also* § 802.08.

¶20    We begin by addressing DPI's assertion that sovereign immunity bars the Academy's claims of breach of contract and breach of implied duty of good faith relating to the Settlement Agreement.  We agree.

¶21    The doctrine of sovereign immunity is derived from the Wisconsin Constitution.  *Canadian Nat'l R.R. v. Noel*, 2007 WI App 179, ¶6, 304 Wis. 2d 218, 736 N.W.2d 900.  Specifically, WIS. CONST. art. IV, § 27 states:  "The legislature shall direct by law in what manner and in what courts suits may be brought against the [S]tate."  Based on this provision, the State "may only be sued upon its express consent; consent to suit may not be implied."  *Bahr v. State Inv. Bd.*, 186 Wis. 2d 379, 387, 521 N.W.2d 152 (Ct. App. 1994).  In applying this rule, "an action against a state agency or board is an action against the [S]tate."  *Id.* at 387-88.  Furthermore, "immunity is procedural in nature and, if properly raised, deprives the court of personal jurisdiction over the [S]tate."  *Lister v. Board of Regents of Univ. Wis. Sys.*, 72 Wis. 2d 282, 291, 240 N.W.2d 610 (1976).  "Whether a claim is barred by sovereign immunity is a question of law" which we review *de novo*.  *Canadian Nat'l R.R.*, 304 Wis. 2d 218, ¶5.

¶22    The State has "expressed its consent to be sued" in WIS. STAT. ch. 227, relating to decisions made by administrative agencies.  *Turkow*, 216 Wis. 2d at 282.  Specifically, WIS. STAT. § 227.52 allows for the review of "[a]dministrative decisions which adversely affect the substantial interests of any person[.]"  Such reviews are to be commenced in accordance with the procedures set forth in WIS. STAT. § 227.53.  Thus, the Academy's challenge of DPI's order barring it from the Choice Program generally could properly be brought for

judicial review pursuant to those statutory requirements. *See id.*; *see also* ***Turkow***, 216 Wis. 2d at 283.

¶23 However, the Academy expressly waived its right to appeal under WIS. STAT. ch. 227 in the Settlement Agreement. Such a waiver is valid if the party waiving its appeal rights "had actual knowledge of its right to judicial review, and had actual knowledge of and understood the consequences if it failed to perform its obligations under the Agreement." ***Ceria M. Travis Acad., Inc. v. Evers***, 2016 WI App 86, ¶26, 372 Wis. 2d 423, 887 N.W.2d 904. The Academy does not claim otherwise in this appeal. Furthermore, the Agreement affirmatively states that both parties "had the opportunity to consult with their respective attorneys concerning [the Agreement's] contents and legal consequences."

¶24 Consent to sue the State is also found in WIS. STAT. §§ 16.007 and 775.01:

> Under § 16.007, a party may present a claim to the State claims board, which first holds a hearing and then makes a recommendation to the legislature to grant or deny the claim. If the legislature refuses to allow a claim against the State, the claimant may then under § 775.01 commence an action against the State.

***Erickson Oil Prods., Inc. v. State***, 184 Wis. 2d 36, 53, 516 N.W.2d 755 (Ct. App. 1994).

¶25 However, WIS. STAT. § 775.01 "is limited to claims which, if valid, would render the State a debtor to the claimant." ***Brown v. State***, 230 Wis. 2d 355, 364, 602 N.W.2d 79 (Ct. App. 1999). This court previously analyzed this requirement as it relates to a breach of contract claim brought against the State in ***Koshick v. State***, 2005 WI App 232, ¶10, 287 Wis. 2d 608, 706 N.W.2d 174. In ***Koshick***, we determined that "the relevant inquiry" in analyzing such a claim is

whether it is an "action of debt[.]" *Id.* To be deemed an action of debt, the claim must be for "'a fixed and definite sum of money, or one that can readily be made fixed and definite'" by virtue of a contract or "'by mathematical computation or operation of law.'" *Id.*, ¶11 (citation omitted). In other words, an action of debt "'does not lie to recover unliquidated or unascertained damages,'" and furthermore, "the action cannot be maintained where the sum must be ascertained by resorting to extraneous evidence." *Id.* (citation omitted).

¶26 Here, the Academy sought monetary damages for its claims of breach of contract and breach of implied duty of good faith "in an amount to be determined at trial[.]" Thus, those claims are not actions of debt against the State that are permitted under WIS. STAT. § 775.01. Even if the claims were permitted, it is undisputed that the Academy did not follow the procedure set forth in WIS. STAT. § 16.007 that would allow for the claims to be brought in an action against the State pursuant to § 775.01. Therefore, those claims were properly dismissed by the trial court.

¶27 It follows that the Academy's requests for a declaratory judgment and injunction are also not permitted under this reasoning, since the grounds for those causes of action are basically the same as those for the breach of contract claims: that DPI provided improper notice to the Academy regarding its noncompliance with the conditions of the Settlement Agreement—thereby breaching the terms of the Agreement—and thus DPI should be enjoined from barring the Academy from participating in the Choice Program. Again, there is no action of debt set forth in those claims, and thus they are not permitted under WIS. STAT. §§ 16.007 and 775.01.

¶28 In short, the Academy has not demonstrated that there is a means available to it that would allow it to bring these claims against DPI as an agency of the State: the Academy waived its rights to challenge DPI's order pursuant to WIS. STAT. ch. 227, and its claims are not permitted under WIS. STAT. §§ 16.007 and 775.01. Instead, the Academy asserts that the trial court should have declared the Settlement Agreement void, which would restore the rights that each party possessed prior to executing the Agreement. The Academy argues that the Agreement was void because it required the Academy to bring its loans with Seaway Bank current, which was impossible to accomplish after Seaway's collapse.

¶29 However, the Settlement Agreement merely required that the Academy become current with those loans from Seaway Bank, either by paying them off or renewing them. The Agreement did not restrict the Academy from acquiring a loan from another financial institution in order to meet that requirement; in fact, that is precisely what the Academy attempted to do, but it failed to obtain the loan prior to the deadline set forth in the Agreement. The Academy fails to explain why this requirement was impossible to satisfy given that option, and we need not consider undeveloped arguments. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶30    Therefore, sovereign immunity applies to bar the Academy's claims against DPI, and the action was thus properly dismissed by the trial court.[4] Accordingly, we affirm.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

---

[4] Because our conclusion is dispositive of the Academy's claims, we do not address its arguments that the trial court erred by not conducting a scheduling conference in this matter, allegedly in violation of the local rules for the Milwaukee County Circuit Court. *See **Maryland Arms Ltd. P'ship v. Connell***, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Issues that are not dispositive need not be addressed.").