In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2852

BUILDERS BANK,

*Plaintiff-Appellant,*

*v.*

FEDERAL DEPOSIT INSURANCE CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 6033 — **James B. Zagel**, *Judge.*

ARGUED JANUARY 4, 2017 — DECIDED JANUARY 19, 2017

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Builders Bank is insured and
regulated by the Federal Deposit Insurance Corporation,
which conducts a "full-scope, on-site examination" every 12
to 18 months. 12 U.S.C. §1820(d). After an examination in
June 2015 the FDIC assigned the Bank a rating of 4 under the
Uniform Financial Institutions Rating System. The parties
call this a CAMELS rating, after the System's six compo-

nents: capital, asset quality, management, earnings, liquidity, and sensitivity. The highest rating is 1, the lowest 5. The Bank contends in this suit under the Administrative Procedure Act that its rating should have been 3 and that the lower rating is arbitrary and capricious. But the district court dismissed the suit for want of jurisdiction, ruling that the assignment of ratings is committed to agency discretion by law. 5 U.S.C. §701(a)(2).

Some circuits have called rulings under §701(a)(2) jurisdictional, see, e.g., *Flint v. United States*, 906 F.2d 471, 476 (9th Cir. 1990); *Lunney v. United States*, 319 F.3d 550, 551 (2d Cir. 2003); *Tsegay v. Ashcroft*, 386 F.3d 1347, 1349 (10th Cir. 2004), but ours is not among them. When a private party seeks judicial review of administrative action, 5 U.S.C. §702 and 28 U.S.C. §1346(a)(2) supply subject-matter jurisdiction. If there are no standards for judicial review (the usual meaning of "committed to agency discretion by law," see *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)), then the court dismisses the suit on the merits because the plaintiff can't show that the agency's action was unlawful. That's the conclusion of *Vahora v. Holder*, 626 F.3d 907, 916–17 (7th Cir. 2010). Accord, *Oryszak v. Sullivan*, 576 F.3d 522, 526 (D.C. Cir. 2009); *Ochoa v. Holder*, 604 F.3d 546, 549 (8th Cir. 2010). Older decisions such as *Flint* precede, or do not discuss, the Supreme Court's modern effort to distinguish truly jurisdictional rules from case-processing doctrines. See, e.g., *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015); *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817 (2013).

Decades ago this court sometimes used the word "jurisdiction" to refer to all doctrines that foreclose judicial review. *Arnow v. NRC*, 868 F.2d 223 (7th Cir. 1989), is one illustration.

But loose usage does not establish a holding, see *Reed Else-vier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010), or survive the Justices' recent insistence that "jurisdiction" means a tribunal's adjudicatory competence, not whether a litigant has an ironclad defense. Section 701(a)(2), which prevents review of matters committed to agency discretion by law, does not refer to or limit §702, which creates subject-matter jurisdiction for claims under the APA. And when the Supreme Court has considered arguments under §701(a)(2), it has done so on the merits; it has not ordered the cases remanded with instructions to dismiss for want of jurisdiction. See, e.g., *Lincoln v. Vigil*, 508 U.S. 182 (1993); *Webster v. Doe*, 486 U.S. 592 (1988). Section 701(a)(2) is no more a limit on subject-matter jurisdiction than are doctrines of absolute and qualified immunity, statutes of limitations, and many other rules that prevent courts from deciding whether the defendant acted properly.

Maintaining the distinction between jurisdictional and other rules is important, because courts must enforce the limits on subject-matter jurisdiction even when the litigants prefer a decision on the merits. If §701(a)(2) curtails jurisdiction, then courts must decide in *every* case under the APA whether some statute or doctrine provides the agency with discretion. The court would have to raise the issue on its own, comb the statute books for grants of discretion, and so on, even if the agency never contended that its action came within §701(a)(2). Congress could require this, but the language of §701(a)(2) does not foreclose the possibility of waiver or forfeiture. We do not see a reason to depart from *Vahora*'s conclusion that the extent of agency discretion concerns the merits, not jurisdiction—unless a particular statute designates the subject as jurisdictional.

The distinction between jurisdiction and the merits matters here not only because the district court (wrongly) concluded that it lacks jurisdiction but also because the FDIC has bypassed two *other* procedural reasons why it might prevail. First, APA review normally is limited to final agency actions. See, e.g., *FTC v. Standard Oil Co. of California*, 449 U.S. 232 (1980). Assignment of a CAMELS rating does not appear to be a final decision. It might be the basis of an administrative order directing a bank to change certain practices or desist from others, see 12 U.S.C. §1818(b), (c), (d), but the FDIC has not issued such an order to the Bank. The CAMELS rating affects how much a bank must pay for deposit insurance, but the Bank has not asked the court to order the FDIC to lower its rates. Second, the Bank failed to take advantage of the opportunity to have the FDIC's Supervision Appeals Review Committee review the rating. See 77 Fed. Reg. 17055–2 (Mar. 23, 2012).

As we understand the law, however, the absence of a final decision would be just another reason to dismiss the suit—provided that there is a live controversy between the Bank and the FDIC. The effect of CAMELS ratings on insurance premiums creates a concrete stake that makes the current dispute justiciable. Cf. *Sackett v. EPA*, 566 U.S. 120 (2012) (dispute about classification of property as a wetland is justiciable even though additional steps may be required before a final remedy). The possibility of pre-enforcement review under decisions such as *Sackett* and *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150 (1970), shows that a litigant-specific final decision is not a jurisdictional requirement. That the Bank may have sought judicial review prematurely therefore does not require a court to

dismiss the suit when the agency has acquiesced in immediate review.

Apart from its jurisdictional argument, the FDIC maintains that the CAMELS rating is unreviewable because it has discretion to set appropriate levels of capital. It relies particularly on 12 U.S.C. §3907(a)(2): "Each appropriate Federal banking agency shall have the authority to establish such minimum level of capital for a banking institution as the appropriate Federal banking agency, in its discretion, deems to be necessary or appropriate in light of the particular circumstances of the banking institution." We shall assume that the agency's discretion is so unconfined that the law commits the subject to administrative discretion under §701(a)(2). So *Frontier State Bank v. FDIC*, 702 F.3d 588, 593–97 (10th Cir. 2012), holds, and the Bank does not ask us to disagree.

Instead the Bank reminds us that CAMELS stands for "capital, asset quality, management, earnings, liquidity, and sensitivity". Each of the six factors is rated separately on a scale of 1 to 5, and the rating as a whole aggregates those six factors. The FDIC's statement of policy, see 62 Fed. Reg. 752 (Jan. 6, 1997), explains the process. Suppose the FDIC's team of examiners were to conclude that the Bank had adequate capital deserving a rating of 1 but that other components were unfavorable, leading to an overall rating of 4. The examiners may be right or wrong about those other issues, but a district court could ask whether the FDIC's final rating was arbitrary, or supported by substantial evidence, without making any inroad on the agency's discretion to evaluate a bank's capital adequacy.

That's what happened in *Frontier State Bank*, which in the course of reviewing a cease-and-desist order reviewed man-

agement, liquidity, and interest-rate-sensitivity issues while concluding that capital adequacy is unreviewable. 702 F.3d at 597–604. The sort of issues reviewed in *Frontier State Bank* affect CAMELS ratings. If those subjects could be reviewed there, notwithstanding the Tenth Circuit's conclusion that capital adequacy is within the FDIC's discretion, they can be reviewed in this litigation as well.

Indeed, it would be possible for a court to review the capital rating itself without transgressing §3907(a)(2). Suppose the FDIC were to decide that Builders Bank needs $5 million in net capital in order to operate safely but has only $4 million. Section 3907(a)(2) puts the $5 million floor beyond judicial questioning. But the statute does not insulate the agency's math. If the Bank were to contend that the examiners found that it fell short of $5 million because they had mistakenly treated a $1 million asset as a $1 million liability, turning $6 million of net capital into $4 million by error, a court would not impinge on the statutory discretion by insisting that assets go in one column of the balance sheet and liabilities in the other. Putting assets in the liability column is not part of a bank examiner's remit.

Builders Bank insists that it takes the FDIC's capital requirements as given and seeks to challenge only its application of the "asset quality, management, earnings, liquidity, and sensitivity" factors. The FDIC maintains that the Bank is just trying to disguise a challenge to a capital decision protected by §3907(a)(2). The district judge did not decide which side is right about this, and the papers filed in this court do not enable us to do so reliably. The district court should take up this topic on remand. All we hold today is that the presence of capital as one of six components in a CAMELS rating

does not necessarily mean that the rating as a whole is committed to agency discretion for the purpose of §701(a)(2). We do not decide whether one or more components of a CAMELS rating other than capital may be committed to agency discretion; the parties have not briefed that question.

The judgment is vacated, and the case is remanded for proceedings consistent with this decision.