In the

# United States Court of Appeals

## For the Seventh Circuit

───────────

Nos. 18-2799 & 18-2804

BUILDERS NAB LLC,

*Plaintiff-Appellant,*

*v.*

FEDERAL DEPOSIT INSURANCE CORPORATION,

*Defendant-Appellee.*

───────────

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 15 C 6033 & 16 C 9940 — **Sharon Johnson Coleman**, *Judge.*

───────────

ARGUED APRIL 12, 2019 — DECIDED APRIL 25, 2019

───────────

Before FLAUM, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After an examination in 2015, the Federal Deposit Insurance Corporation assigned Builders Bank a CAMELS rating of 4, near the bottom of the scale. The acronym, which stands for capital adequacy, asset quality, management, earnings, liquidity, and sensitivity to market risk, reflects a bank's ability to withstand financial challenges, and a rating of 4 exposes a bank to extra oversight. Builders Bank sued, and we concluded that some compo-

nents of a CAMELS rating are open to judicial review. *Builders Bank v. FDIC*, 846 F.3d 272 (7th Cir. 2017). Before the case could be resolved on remand, however, Builders Bank merged into a non-bank enterprise, Builders NAB LLC, and left the banking business. This led the district court to dismiss the suit as moot. 2018 U.S. Dist. LEXIS 53678 (N.D. Ill. Mar. 30, 2018).

The request for a better CAMELS rating in the future is moot, as the district judge found, because Builders is no longer a bank. But it also wants damages, contending that the rating required it to pay too much for deposit insurance. It submits that it is entitled to compensation if the court concludes that the rating should have been 3 rather than 4. The district court rejected that argument on the ground that Builders Bank is not the real party in interest. Fed. R. Civ. P. 17(a). Indeed it no longer exists. But a corporate merger replaces the old firms with the designated survivor. Builders Bank's assets became part of Builders NAB, the surviving firm, and we have recaptioned this case accordingly. Builders NAB owns any claim that Builders Bank possessed. That includes the claim against the FDIC for a refund.

But what is the source of that claim? In the district court Builders relied on the Administrative Procedure Act, contending that 5 U.S.C. §702 waives the national government's sovereign immunity and entitles it to a remedy. There are two potential problems.

First, §702 waives sovereign immunity only with respect to relief "other than money damages". Although money is not necessarily damages, see *Bowen v. Massachusetts*, 487 U.S. 879 (1988), compensation for a completed injury is usually understood to be a form of damages. Builders does not want

a prospective adjustment of the rate it must pay for insurance, with overpayments credited against future premiums; it seeks a financial award to recompense it for past injury. Whether that counts as "damages" for the purpose of §702—in other words, whether it is "substitute relief" rather than "specific relief" (on which see *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 262 (1999)) is not something we need to decide, in light of the second problem.

The APA establishes a right of review only when "there is no other adequate remedy in a court". 5 U.S.C. §704. Builders itself points to one potential remedy: 12 U.S.C. §1817(e)(1), which says:

> In the case of any payment of an assessment by an insured depository institution in excess of the amount due to the Corporation, the Corporation may—
>
>> (A) refund the amount of the excess payment to the insured depository institution; or
>>
>> (B) credit such excess amount toward the payment of subsequent assessments until such credit is exhausted.

This knocks out Builders' claim under the APA, but without necessarily entitling it to any relief. To use §1817(e)(1) as a source of a financial payout, Builders needs a statute waiving sovereign immunity. The Tucker Act, 28 U.S.C. §1491, fits that bill but limits venue to the Court of Federal Claims. The FDIC's sue-and-be-sued clause, 12 U.S.C. §1819(a) Fourth, may provide an alternative waiver, but Builders did not bring it to the district court's attention. In that court it relied entirely on the APA. Indeed, Builders did not alert the district court to §1817(e)(1) as a potential source of relief until a motion filed after judgment. The FDIC contends that Builders' claim is now foreclosed for that reason alone.

To this Builders replies that it has not *waived* reliance on §1817(e)(1) and §1819(a) Fourth but just overlooked them, and a court of appeals may relieve a party from a forfeiture. That's true, see *Teumer v. General Motors Corp.*, 34 F.3d 542, 546 (7th Cir. 1994), but to say that an appellate court *may* address an issue that was forfeited in the district court is not to say that it *must*. *Teumer* itself declined to entertain a new theory.

This is not the first time that Builders has recast its argument following defeat in the district court. It did so when the case was here earlier and we indulged it, because the question then concerned subject-matter jurisdiction. In finding jurisdiction, we suggested (as Builders had not) that there might be a possibility of damages for overpayment of deposit-insurance premiums. 846 F.3d at 275. That experience may have led Builders to think that it could litigate haphazardly in the district court and be bailed out on appeal again. If we conveyed that impression, we regret it.

Apart from those that affect subject-matter jurisdiction, legal contentions must be presented in the district court—must be presented before the district judge acts, rather than as afterthoughts—and Builders has already received its share (perhaps more than its share) of appellate indulgence. Litigants that do not do their legal research until after losing in the district court have wasted a judge's valuable time. By refusing to entertain arguments first advanced after the district judge's decision, we give litigants appropriate incentives to present their cases properly so that they may be decided correctly without appeals.

This suit was litigated on remand as a financial claim under the APA. So cast, it fails. We hold Builders to its litigation

strategy and do not permit it to change on appeal both its substantive theory and its asserted waiver of sovereign immunity. We modify the district court's judgment to be one on the merits rather than a dismissal for mootness. As so modified, the judgment is

AFFIRMED.