NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 22, 2020
Decided February 8, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA D. ROVNER, *Circuit Judge*

No. 20-1286

| | |
|---|---|
| MBM HOLDINGS LLC and BRET EULBERG, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-CV-366-JPS |
| CITY OF GLENDALE and COLLIN JOHNSON, *Defendants-Appellees*. | J. P. Stadtmueller, *Judge*. |

**O R D E R**

Bret Eulberg purchased a dilapidated commercial building in Glendale, Wisconsin, but he did not have it professionally inspected before he bought it. He let the building sit vacant and unrepaired for two years. At that point Collin Johnson, the City's Building Inspector, conducted two inspections and ordered Eulberg to raze or repair the building within 90 days. The City eventually overruled him and lifted the order. Apparently not satisfied, Eulberg sued Johnson and the City under 42 U.S.C.

§ 1983 alleging an equal-protection claim against both defendants and a "policies and practices" claim against the City; he also alleged several state-law claims.

Ruling on the defendants' summary-judgment motion, the judge expressed frustration with the general incoherence of Eulberg's complaint and the muddled and conclusory nature of his response to the motion. But the judge labored to construct what he thought was the gist of the equal-protection claim; he also thought he saw a due-process claim lurking under the surface. In the end, the judge entered summary judgment for the defendants across the board and terminated the case. Eulberg appealed, challenging only the judge's due-process ruling.

We affirm. Eulberg did not mention a due-process violation in his complaint or develop such a claim in his summary-judgment brief. That's a waiver. The judge's charitable reading of his incoherent filings does not excuse Eulberg's failure to plead and support a due-process claim.

## I. BACKGROUND

In September 2015 Eulberg purchased an abandoned commercial building in Glendale through his company MBM Holdings LLC. (MBM is also a named plaintiff but is irrelevant for purposes of this appeal.) Although Eulberg knew the building needed repairs, he did not have it professionally inspected. The building sat vacant until Eulberg leased it in September 2017. He assigned all responsibility for repairs to his tenant.

Johnson worked as the Director of Inspection Services for the City for over a decade. In July 2017 and again a few weeks later, Johnson inspected Eulberg's building. He concluded that it needed repairs costing over 50% of the building's value. That conclusion triggered a presumption under Wisconsin law that the building may be a raze candidate.

Two months later Johnson sent Eulberg a raze order. The order directed Eulberg to raze or repair the building within 90 days, listed numerous maintenance deficiencies, demanded that occupancy cease, warned of possible fines, and described the procedure for obtaining judicial review. Eulberg told his tenant to fix the building, but he neither contacted Johnson nor sought judicial review.

Several months later and at the City's behest, Eulberg obtained a professional inspection of the building. The private inspector sharply disagreed with Johnson's conclusions, leading the City to voluntarily rescind the raze order.

Dissatisfied with this resolution, Eulberg hired an attorney and sued Johnson and the City for damages under § 1983 and state law. The complaint alleged two federal claims: an equal-protection claim against both defendants and a "policies and practices" claim against the City. The complaint also raised four state-law claims. The words "due process" appear nowhere in the complaint, nor is there any language suggestive of a claim for due process.

Johnson and the City moved for summary judgment on all claims. Despite the complaint's silence on a due-process theory of relief, they suspected based on discovery that Eulberg may be trying to bring such a claim. Their motion thus protectively attacked the validity of any due-process claim Eulberg might attempt to raise in his response to the motion.

As it turned out, however, Eulberg did not develop a due-process argument. A reference to "due process" appears in a heading in his response brief, but he did not explain *how* the defendants violated his due-process rights. He did not assert a deprivation of a protected interest, contest the adequacy of state-law procedures, or cite a single legal authority to support a due-process claim. Rather, this section of his brief concerns the policy-or-practices claim against the City under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

In his decision granting the defendants' motion, the judge repeatedly expressed his exasperation with Eulberg's incoherent filings. He generously described the complaint as "far from a model of clarity," and mostly looked to Eulberg's summary-judgment response to ascertain what claims he was trying to raise against the defendants. That did not help much either. The judge excoriated Eulberg's brief as "so poor that the [c]ourt is left to consider finding all of [Eulberg's] arguments underdeveloped and thus waived." Nonetheless, the judge addressed the equal-protection claim mentioned in the complaint, and he also endeavored to construct possible procedural and substantive due-process claims that Eulberg might be trying to raise. He then entered summary judgment for the defendants on all claims because they lacked factual or legal support (or both).

## II. DISCUSSION

Eulberg's briefing on appeal is limited to the judge's due-process ruling. We take that as an abandonment of all other claims. The defendants respond that Eulberg waived any possible due-process claim by failing to allege one in his complaint and support it with evidence and law at summary judgment. We agree.

"It is a well-established rule that arguments not raised to the district court are waived on appeal." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Conclusory and underdeveloped arguments are likewise waived. *Id.* Though the judge went out of his way to construct possible due-process theories when Eulberg's counsel failed to do so, we need not be so forgiving. It is the responsibility of the litigants to raise coherent legal claims, produce factual support, and develop reasoned arguments supported by citation to legal authority. *Soo Line R.R. Co. v. Consol. Rail Corp.*, 965 F.3d 596, 602 (7th Cir. 2020); *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008).

Eulberg's complaint does not contain even a whiff of a due-process claim. Indeed, the words "due process" are nowhere to be found. The sweeping allegation that the defendants' conduct was "unconstitutional" is not enough to preserve a due-process claim. *See In re Veluchamy*, 879 F.3d 808, 821 (7th Cir. 2018) ("A party waives the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms." (quotation marks and alterations omitted)); *cf. Econ. Folding Box Corp.*, 515 F.3d at 720–21 ("A plaintiff cannot rely on the entire UCC and leave it to the court to determine what code sections apply to her claim.").

The barebones argument in Eulberg's summary-judgment response was not an improvement. He offered no supporting legal authority, did not discuss a deprivation of a protected interest, and failed to mount a challenge to existing state-law procedures. We have repeatedly held that unsupported, underdeveloped, and conclusory arguments are not sufficient to preserve review. *See Soo Line R.R. Co.*, 965 F.3d at 601; *Dorris v. Unum Life Ins. Co. of Am.*, 949 F.3d 297, 306 (7th Cir. 2020); *Betco Corp. v. Peacock*, 876 F.3d 306, 309 (7th Cir. 2017); *Puffer*, 675 F.3d at 718.

When we raised the issue of waiver at oral argument, Eulberg's counsel argued that because the defendants and the judge recognized a due-process claim in Eulberg's filings, we should likewise address it. We disagree. The defendants' due diligence and the judge's charity do not excuse Eulberg's failure to raise an intelligible due-process

claim in the first instance. *See Price v. Bd. of Educ.*, 755 F.3d 605, 608 (7th Cir. 2014); *Puffer*, 675 F.3d at 719. "It is not the court's responsibility to research the law and construct the parties' arguments for them." *Econ. Folding Box Corp.*, 515 F.3d at 721. Eulberg chose to limit his lawsuit to an equal-protection theory and state-law claims and to jettison those claims after he lost. We hold him to those choices. *See Builders NAB LLC v. FDIC*, 922 F.3d 775, 778 (7th Cir. 2019).

We conclude by addressing Eulberg's *Monell* claim against the City. The first step in a *Monell* claim is proving a constitutional violation. *E.g.*, *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 966 (7th Cir. 2019). Having abandoned his equal-protection claim on appeal and waived any possible due-process claim, Eulberg cannot do so.

Litigants and lawyers who "do not do their legal research until after losing in the district court have wasted a judge's valuable time." *Builders*, 922 F.3d at 778. That is precisely what happened here.

AFFIRMED