NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 16, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1557

| | |
|---|---|
| GORDON GRAVELLE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:19-CV-00409-HAB-SLC |
| AVIS INDUSTRIAL CORPORATION, *Defendant-Appellee*. | Holly A. Brady, *Judge*. |

**O R D E R**

After unsuccessfully bringing two lawsuits in his home country of Canada, Gordon Gravelle sued Avis Industrial Corporation in the Northern District of Indiana, where Avis is based. He invoked the court's diversity jurisdiction over his breach-of-contract action. The district court entered summary judgment for Avis, concluding that

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Gravelle could not relitigate a claim that a competent court had already adjudicated. Because Gravelle has not demonstrated any error in that decision, we affirm.

Gravelle is the sole proprietor of a company that designs and produces electronic key-cutting equipment. Around January 2011, he approached A1 Security Manufacturing to explore the possibility of doing business together. (A1 produces locksmith tools and supplies sold by Auto Parts Acquisition, LLC, a wholly owned subsidiary of Avis.) A1 agreed to purchase two key-cutting machines from Gravelle, only one of which he delivered. Avis asserts that the business arrangement went no further than that purchase. But Gravelle believes that, through their actions, he and Avis entered an enforceable agreement under which Gravelle would design, develop, and manufacture electronic key-cutting machines for A1 on an ongoing basis.

In October 2013, Gravelle sued A1 and Auto Parts Acquisition in the Ontario Superior Court of Justice. He principally sought a declaration of a valid agreement between him and A1 as well as damages for breach of contract and tortious interference with an existing contract and with prospective economic relations. The trial court dismissed several of Gravelle's claims while allowing him to amend his complaint with respect to others. Instead, Gravelle lodged a series of unsuccessful appeals. Eventually, when Gravelle failed to amend his complaint, the court dismissed it in its entirety. He did not appeal that decision.

While still pursuing appeals related to his 2013 action, Gravelle initiated a second lawsuit in the Ontario court. In this April 2015 lawsuit, he again alleged the existence of a contract with A1 but also named three additional defendants, including Avis. Gravelle alleged that Avis induced A1 to breach its contract with him and violated several Canadian statutes. The court dismissed the complaint, concluding that the applicable two-year statute of limitations period had lapsed and that the duplicative suit was an abuse of process. Gravelle continued to file motions and take appeals, and in 2018, he was designated a vexatious litigant, resulting in the Canadian courts barring him from bringing suits without prior leave.

Gravelle then initiated this action against Avis in the Northern District of Indiana for breach of contract. Avis obtained a stay of fact discovery and moved for summary judgment, arguing that: (1) the judgments in Gravelle's Canadian lawsuits precluded his claims; (2) the Canadian judgments should be respected under the principles of comity; (3) the claims were time-barred; and (4) no contract existed between Avis and Gravelle. Gravelle was granted leave to conduct discovery limited only to matters

within the "four corners" of the summary-judgment motion, including whether he had a defense to the statute of limitations.

The district court ultimately granted Avis's motion, primarily on claim-preclusion grounds. Applying Indiana law, the court determined that Gravelle's claims against Avis stemmed from the same contractual agreement alleged in Gravelle's 2013 and 2015 actions, that the Canadian courts were competent to hear those actions, and that the Canadian suits involved Avis or its privies. *See generally Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560–61 (7th Cir. 2019) (listing the four factors required for res judicata under Indiana law). Addressing the final factor, the court then explained that the dismissals of Gravelle's 2013 and 2015 suits were final decisions on the merits. Though the Canadian courts did not specify whether the dismissals were with or without prejudice, the court noted that, under Indiana law, unless a dismissal order specifies otherwise, it is deemed to be with prejudice, *Birmhall v. Brewster*, 835 N.E.2d 593, 597 (Ind. Ct. App. 2005), and operates as an adjudication on the merits. *Moss v. Horizon Bank, N.A.*, 120 N.E.3d 560, 564 (Ind. Ct. App. 2019).

On appeal, Gravelle first contends that the district court erred by applying Indiana law instead of Canadian law when determining that his 2013 lawsuit was dismissed "on the merits" for preclusion purposes. Specifically, he argues that, under Canadian law, the dismissal was not on the merits because it was at the pleading stage. But Gravelle is wrong that, when determining whether a prior decision was on the merits, a district court sitting in diversity must apply the law of the court that issued the decision. In the case of foreign judgments, the court must apply "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). What matters is therefore which preclusion rules the Indiana courts would apply in the case of a foreign judgment. Indiana courts have not expressly addressed this question but have applied Indiana preclusion law, not the issuing court's, when assessing the effect of a foreign court's decision, *see Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 698 (Ind. Ct. App. 2013), and that is what the district court did here.

Even if Canadian law dictated whether the prior judgments were "on the merits," however, Gravelle cites no relevant authority for the proposition that the dismissal of his 2013 lawsuit was not a final decision on the merits. Gravelle mentions two Canadian cases, *Tran v. Univ. of W. Ontario*, 2016 ONCA 978 (Can. Ont. Ct. App.) and *Dynasty Furniture Mfg. Ltd. v. Toronto-Dominion Bank*, 2014 ONSC 4933 (Can. Ont. Super. Ct.), without explaining how they support his argument. In neither did the court

address whether dismissal of a complaint for failure to state a claim, after a failure to amend, is on the merits. (It is well settled in our law that it is. *See, e.g.*, *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006).) And we will not research that issue independently to develop Gravelle's argument. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

As for the dismissal of the 2015 case for untimeliness and abuse of process, Gravelle does not attempt to establish that dismissal for either reason is not a decision on the merits under Canadian law. Instead, he argues that the Canadian court lacked jurisdiction to dismiss his 2015 suit and, therefore, that judgment should not be given preclusive effect. But the defect Gravelle asserts is that the Ontario court did not develop a sufficient record about his abuse of process; that does not go to the court's power to entertain his claims. *See generally Builders Bank v. FDIC*, 846 F.3d 272, 274 (7th Cir. 2017) ("jurisdiction" refers to a tribunal's "adjudicatory competence").

Finally, Gravelle argues that the district court should have granted his request (buried in his brief opposing summary judgment) to expand the scope of discovery so that he could develop his allegations of fraudulent concealment. This, he says, would have tolled the limitations period on his contract claim and allowed a new claim of common-law fraud against Avis. But, as a defense to Avis's untimeliness argument, fraudulent concealment was already within the scope of the limited discovery the court permitted. Further, discovery is not an opportunity to fish for new claims. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013) ("[Plaintiff] is not entitled an additional fishing expedition, in hopes of finding a new way to reshape the facts.").

Finally, although Gravelle expresses a desire to amend his complaint, he never asked the district court for leave to do so, *see* FED. R. CIV. P. 15(a)(2), so we have no decision to review. If he believes he was entitled to amend before the court entered final judgment, though, we disagree: Although we typically require district courts to allow pro se litigants at least one chance to amend after *dismissing* a complaint, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015), this case was decided at summary judgment. And Gravelle has given us no reason to vacate the decision that claim preclusion barred his suit.

AFFIRMED