In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 21-1579

SUNNY HANDICRAFT (H.K.) LTD. and BIN TEH HANDICRAFT (SHENZHEN) COMPANY, LTD.,

*Plaintiffs-Appellees*,

*v.*

ENVISION THIS! LLC,

*Defendant-Appellant*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 1512 — **John Z. Lee**, *Judge*.

_____

ARGUED APRIL 20, 2023 — DECIDED MAY 4, 2023

_____

Before EASTERBROOK, ROVNER, and ST. EVE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Sunny Handicraft and Bin Teh Handicraft (collectively Sunny) sold seasonal merchandise to Walgreens, with Envision This! as an intermediary. From 2007 through 2012 Sunny shipped goods directly to Walgreens but routed contracts and other documents through Envision. Every year Sunny sent documents calling for it to be named the beneficiary of letters of credit to cover the price. Envision

passed these to Walgreens, which arranged for the letters of credit. In 2013 business relations continued, and Sunny sent the usual documents to Envision. But Envision played a dirty trick: it substituted its own name for Sunny's as the beneficiary of the letters of credit. It did not tell Sunny about this switch. Walgreens sent the letters of credit to Envision, which drew more than $3 million. Envision did not remit a dime to Sunny. This suit followed, invoking the alien-citizen diversity jurisdiction of 28 U.S.C. §1332(a)(2).

A jury found that Envision breached its contract with Sunny by not paying it the money drawn on the letters of credit. Damages were set at $3,069,631.37. The jury also found that Envision had committed fraud and awarded a further $400,000 in compensatory damages plus $903,890 in punitive damages. The contract damages plus the compensatory damages for fraud add up to the total of the letters of credit. (Envision did not draw the final $400,000, and Sunny, which had not been named as a beneficiary, could not do so.) The district court denied Envision's motions for a new trial and for judgment as a matter of law. As the case comes to us, only the award of damages for fraud is contested. (Envision does not dispute the contract verdict, but it has not paid that part of the judgment or posted a bond to secure Sunny's interest.)

Envision is a limited liability company, both of whose members are citizens of Florida. Both plaintiffs are business entities based in China—one in Hong Kong and the other on the mainland. The parties treat them as equivalent to corporations, telling us their places of incorporation and principal places of business. But it is inappropriate simply to assume that any given business entity based outside the United States is a "corporation" for the purpose of §1332. Many domestic

business entities (such as limited liability companies) are *not* corporations, see *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998), and the Supreme Court has instructed us that entities other than traditional corporate forms should be treated as partnerships rather than corporations. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990).

We held in *Superl Sequoia Ltd. v. Carlson Co.*, 615 F.3d 831, 832 (7th Cir. 2010), that a Hong Kong business "limited by shares" and bearing the identifier "Ltd." is treated as a corporation. This recognition stemmed from the fact that Hong Kong inherited its legal system from the United Kingdom, and we had previously concluded that other "Ltd." entities in that tradition should be treated as corporations when they are perpetual, can issue traded shares, and are independent of investors for tax and liability. See *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580 (7th Cir. 2003) (Bermuda). If business law in Hong Kong remains the same as in 2010, then *Superl Sequoia* remains controlling—but the parties have not told us what changes, if any, have been made recently in the law of business organization in Hong Kong.

As for business entities based in mainland China, we held in *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Company Ltd.*, 759 F.3d 787 (7th Cir. 2014), that such a business can be more like an American LLC than like a Hong Kong Ltd., even when it bears the "Ltd." label. It mattered in *Fellowes* that investment interests in that Ltd. were inalienable. The parties have not told us anything about the alienability of investments in Bin Teh Handicraft or whether the law of the People's Republic has changed in material ways since 2014; they have instead proceeded as if *Fellowes* did not exist.

Fortunately, it is not necessary to remand for further proceedings to investigate contemporary Chinese law and the attributes of the two plaintiffs. In response to Envision's docketing statement in this court, Sunny told us that Bin Teh Handicraft has only one investor, Sunny Handicraft, and that Sunny has four shareholders: Daniel Huang, his father, his mother, and his brother. The statement continues: "All live and work in Shenzhen, China where the business is located." It is exceedingly unlikely that any of the Huangs is a citizen of Florida, where both members of Envision are domiciled. So even if the two plaintiffs are treated as partnerships or LLCs, complete diversity of citizenship has been established.

From a jurisdictional perspective, it is lucky that only six investors are involved. Many business entities have hundreds, thousands, or more investors. Accurate classification of the nature of these entities can be vital to ascertaining subject-matter jurisdiction. We have dodged a problem today, but it will recur. Counsel must pay more attention to the proper classification of foreign business entities than they have done in this litigation.

The parties have assumed that Illinois law controls this suit. Walgreens has its headquarters in Illinois, but the acts and omissions giving rise to liability for fraud occurred in Florida. Still, we do not have any reason to think that the law of fraud in Florida differs in any important way from the law in Illinois, so we accept the litigants' implicit choice of law.

Envision contends that it cannot be liable for fraud because it was not Sunny's agent or fiduciary and therefore did not have any duty to alert Sunny that it had changed the instructions about who would control the letters of credit. But the district court held that the cooperative business relations

between Sunny and Envision from 2007 through 2012 created a "special relationship" that required Envision to notify Sunny about any deviation in their dealings. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500 (1996), holds that a business such as Envision must disclose material facts when it is in "a position of influence and superiority over" the other party, and that this position "may arise by reason of friendship, agency, or experience." The district judge concluded that the "experience" of the business relation between 2007 and 2012 supported a duty to disclose under Illinois law.

According to Envision, that conclusion is untenable because the jury was not asked to determine whether Sunny and Envision had the sort of joint "experience" that requires disclosure. There's a good reason for the absence of such a finding: no one put this question to the jury. Envision did not move for summary judgment on this ground or list this issue as a contested one in the pretrial order. Envision did not propose jury instructions directed to the subject or ask for a special verdict. It is understandable that Sunny did not address the subject directly at trial; it lacked any reason to think that the matter was in dispute. Not until after trial, in a motion under Fed. R. Civ. P. 50(b) for judgment as a matter of law, did Envision seek a favorable decision on this ground.

The district judge treated the matter as forfeited, and understandably so. The issues for trial are set out in pretrial orders and jury instructions. A litigant cannot wait until the trial is over and cry "Gotcha!" The function of Rule 50(b) is to provide a means to reconsider issues raised earlier, such as in a motion for summary judgment or a mid-trial motion under Rule 50(a). We do not allow litigants to bypass arguments

when making Rule 50(a) motions, only to raise them after the trial has ended.

We have held that legal issues raised at the summary-judgment stage may be renewed in post-trial motions, see *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015); *Six Star Holdings, LLC v. Milwaukee*, 821 F.3d 795, 804 (7th Cir. 2016); *Lexington Insurance Co. v. Horace Mann Insurance Co.*, 861 F.3d 661, 669 (7th Cir. 2017); but Envision did not raise this contention in any fashion before the jury returned its verdict. Its current argument is blocked by the norm that issues cannot be raised for the first time in post-trial motions. See, e.g., *Builders NAB LLC v. FDIC*, 922 F.3d 775, 778 (7th Cir. 2019); *Wheeler v. Hronopoulos*, 891 F.3d 1072 (7th Cir. 2018).

At oral argument Envision asserted that it is entitled to raise pure questions of law after trial, even if these issues had not been mentioned earlier. Asked for authority to support that proposition, Envision conceded that it had none. And there's a further problem: the existence of a "special relationship" is not a pure question of law. It is a mixed question of law and fact, requiring assessment of the multi-year business relations between Sunny and Envision. Even when a mixed question is vitally important to the case, it remains one of fact. See, e.g., *Pullman-Standard v. Swint*, 456 U.S. 273 (1982); *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709 (1986); *U.S. Bank N.A. v. Village at Lakeridge, LLC*, 138 S. Ct. 960 (2018).

Envision tells us that Illinois treats the existence of a "special relationship" as one of law, to be decided by a judge rather than a jury. But federal procedure controls in federal court. *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994). Which questions belong to a jury in federal court is a matter of federal procedure. As we observed in *Mayer*, 29 F.3d at 333,

if Illinois were to abolish civil jury trials, that would not affect the need for, and scope of, jury trials in federal suits under the diversity jurisdiction.

At all events, the district judge told us his view: to the extent Envision has not conceded the existence of a "special relationship" by failing to raise the subject before or during trial, the record shows that such a relation existed. That resolution of a mixed question is reviewed deferentially on appeal, under the approach of *U.S. Bank*, 138 S. Ct. at 966–68, and we do not see any clear error or abuse of discretion. So Envision loses every which way it can: forfeiture and the merits too.

AFFIRMED