**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2018
Decided April 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2607

| | |
|---|---|
| ARNOLD G. PHILLIPS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 16 C 11157 |
| ILLINOIS DEPARTMENT OF | |
| FINANCIAL AND PROFESSIONAL | Virginia M. Kendall, |
| REGULATION, et al., | *Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

An Illinois agency allegedly suspended Dr. Arnold Phillips's medical license without notice or a hearing. The agency later restored his license, but his medical practice suffered in the interim. Phillips sued agency officials under 42 U.S.C. § 1983 for violating his Fourteenth Amendment right to due process. Believing that Phillips had sued the defendants in their official capacities only, the district court dismissed the complaint as barred by the Eleventh Amendment. Because the judge should have given Phillips a chance to clarify whether he was suing the defendants in their personal capacities, we vacate the judgment and remand for further proceedings.

We are reviewing the dismissal of a complaint, and so we recite its allegations. Dr. Phillips paid a fee in June 2014 to the Illinois Department of Financial and Professional Regulation's Division of Public Regulation to renew his medical license. Over the next few months, Phillips noticed a decline in patient referrals. He contacted the agency in December and learned that it had placed his license on "inactive status" because he supposedly had not paid a past disciplinary fine. When Phillips told the agency that he had received no notice that it planned to inactivate his license and no chance to challenge that action, the agency reinstated his license. But the damage was done. While his license was inactivated, his business and reputation suffered.

This suit came next. Phillips, *pro se*, sued seven current and former agency employees under section 1983 for inactivating his license without due process. He did not specify in what capacity he was suing the defendants. He sought damages and asked the court "to direct the[] agencies to try to not make a habit of their malfeasance."

The defendants moved to dismiss the complaint. They argued primarily that the section 1983 claim was brought against them only in their official capacities and was barred by the Eleventh Amendment. In reply, Phillips advised that he "did not file for monetary damages from the pockets of the individual [d]efendants." He added that the defendants "personally and/or in a supervisory capacity" inactivated his license. He also said that he "did not file for personal monetary damages from each [d]efendant when they were functioning in their official capacities as public servants."

The district judge dismissed the suit with prejudice. She construed the complaint as one against the defendants in their official capacities. Citing *McDonough Associates, Inc. v. Grunloh*, 722 F.3d 1043 (7th Cir. 2013), the judge explained that state employees can be sued in their official capacities only for injunctive relief to remedy an ongoing violation of federal law. Because Phillips's license was reactivated, she reasoned, no violation of federal law was ongoing, and so the Eleventh Amendment barred the suit. The judge never granted Phillips an opportunity to amend his complaint.

On appeal, Phillips challenges the dismissal of his section 1983 claim. The parties focus on Eleventh Amendment immunity, but the correct approach is to start with the text of section 1983. Because the statute permits suits only against a "person," not a state, Eleventh Amendment immunity is not at play. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989); *Kolton v. Frerichs*, 869 F.3d 532, 535–36 (7th Cir. 2017). A suit against a state official in his official capacity is a suit against the state, and so a plaintiff may not bring a section 1983 claim against a state employee in her *official* capacity. *Will*, 491 U.S. at 71; *Kolton*, 869 F.3d at 535. But a plaintiff may seek damages

under section 1983 from a state official sued in her *personal* capacity for denying the plaintiff due process when revoking the plaintiff's professional license. See *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Rebirth Christian Acad. Daycare, Inc. v. Brizzi*, 835 F.3d 742, 750–51 (7th Cir. 2016).

The defendants argue that the judge correctly interpreted Phillips's complaint as an effort to bring a section 1983 suit against state employees in their official capacities. We review that decision by examining two factors. First, we assess whether the plaintiff specified the capacity in which he is suing the defendants. See *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). If he did not so specify, then we look at the relief that the plaintiff seeks: when the plaintiff seeks injunctive relief, then he has brought an official-capacity suit; when the plaintiff seeks damages, then his case is a personal-capacity suit. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000).

Phillips's complaint does not fit neatly into this framework. He never specified in what capacity he brought his section 1983 claim. And in his complaint he requests both damages and an injunction "to direct the[] agencies to try to not make a habit of their malfeasance." The pleading could thus be construed as bringing either official-capacity or personal-capacity claims. See *Miller*, 220 F.3d at 494; *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (interpreting *pro se* litigant's suit for damages as against defendants in personal capacity because it could not be sustained if brought in official capacity).

Phillips's response to the defendants' motion to dismiss was also ambiguous. He said that he "did not file for monetary damages from the pockets of the individual [d]efendants." This suggests an official-capacity suit. But he also said that the defendants "personally, and/or in a supervisory capacity" inactivated his license, and in two other passages, he wrote that he was not seeking damages from the defendants "when they were functioning in their official capacities as public servants." This language points the other way.

Faced with ambiguity, the district judge should not have decided conclusively that Phillips was suing the defendants only in their official capacities. She should have granted Phillips an opportunity to amend his complaint and clarify the matter or to limit his claims to personal-capacity allegations. "Plaintiffs … as a matter of course, almost always get an opportunity to amend their complaints at least once." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). Neither the district judge nor the defendants explain why Phillips should not have been allowed at least one chance to amend his pleading and resolve the problem.

We are mindful that Phillips did not ask the district judge through a post-judgment motion, such as one under Federal Rule of Civil Procedure 59(e), to reinstate the case and grant him leave to amend his complaint to clarify the matter. See *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (plaintiff may seek to amend complaint by filing a post-judgment motion); but see *Richardson v. Oldham*, 12 F.3d 1373, 1377 (5th Cir. 1994) ("Filing a Rule 59 motion is not a prerequisite to taking an appeal."). But a remand is still appropriate for two reasons.

First, at this point Phillips has expressed unambiguously his desire to sue the defendants only in their personal capacity. After filing opening and reply briefs, he asked to file a sur-reply brief. (We have taken that motion with the appeal.) In this motion, he explained that he "has now realized that the District Court and the State have misunderstood [his] claims as being only against Defendants in their official capacities."

Second, Phillips has been litigating *pro se*. "[D]istrict courts have a special responsibility … to allow ample opportunity for amending the complaint." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); see also *Rush v. State Ark. DWS*, 876 F.3d 1123, 1125–26 (8th Cir. 2017) (observing *pro se* plaintiffs are "normally" given leave to amend their pleadings). When faced with a complaint from a *pro se* litigant that was "unclear rather than patently without merit," the judge should have provided an opportunity to amend it, even if the litigant did not file the post-trial motions that courts ordinarily require. See *Williams v. Wahner*, 731 F.3d 731, 734 (7th Cir. 2013). And this case may have merit. See *Rebirth Christian Acad. Daycare, Inc.*, 835 F.3d at 750–51 (7th Cir. 2016) (vacating dismissal of suit for damages against state employees sued in their personal capacities for revoking license without due process). Dismissal with prejudice and without an explanation of why Phillips did not deserve a chance to resolve the ambiguity through an amended complaint was an abuse of discretion. See *Foster v. DeLuca*, 545 F.3d 582, 585 (7th Cir. 2008).

The appellees seek to defend the dismissal on the alternative ground that the complaint does not adequately allege how each defendant was personally involved in the decision to inactivate his license. Phillips can attempt to address this problem in an amended complaint on remand. Alternatively the defendants may ask the district court to order Phillips under Rule 12(e) to provide a more definite statement. See *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848–49 (7th Cir. 2017). But before the case is halted for good, Phillips is entitled to an opportunity to fix these problems.

For the foregoing reasons, we VACATE the judgment and REMAND for further proceedings. We DENY the motion to file a sur-reply brief as moot.