COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2199**

Cir. Ct. No. 2022CV2318

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

MARGARET ELIZABETH DOYLE SIEBERS,

PLAINTIFF-APPELLANT,

V.

PETER W. BARCA, RICHARD G. CHANDLER AND
STATE OF WISCONSIN DEPARTMENT OF REVENUE,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Margaret Elizabeth Doyle Siebers appeals from the order dismissing her complaint and class action alleging that Wisconsin's unclaimed property laws violate the prohibition on government taking without just compensation under the Fifth Amendment or the Wisconsin constitution.   We conclude that Siebers' claims fail because sovereign immunity deprives the circuit court of personal jurisdiction, and she otherwise failed to state a claim upon which relief may be granted.   We affirm.

## BACKGROUND

¶2    Siebers filed a claim for unclaimed property with the Department of Revenue, and her property in the amount of $264.74 was returned to her in April 2021 without any earnings, interest or compensation.   Siebers believed that Wisconsin's unclaimed property act violated the Fifth Amendment, which prohibits the taking of "private property … for public use, without just compensation."   U.S. CONST. amend. V.   Relevant to this belief was a Seventh Circuit holding, under a challenge to Illinois' similar unclaimed property act statutes, that owners reclaiming property "are entitled to receive the time value of their property (that is, interest or other earnings), less reasonable custodial fees." *Goldberg v. Frerichs*, 912 F.3d 1009, 1010 (7th Cir. 2019).

¶3    Siebers first pursued an action in federal court, arguing that the State violated the Fifth Amendment takings clause.   *See Siebers v. Barca*, No. 20-CV-1109-JDP, 2022 WL 2438605 (W.D. Wis. July 5, 2022).   That action was dismissed.

¶4    Siebers then filed this action against Peter Barca, Secretary of Revenue, Richard G. Chandler, Barca's predecessor as the Secretary of Revenue, both individually and in their official capacities, and the Department (collectively,

the DOR). In Siebers' complaint, she alleged a violation of the prohibition on government takings without just compensation in the Fifth Amendment and the similar right in the State constitution, WIS. CONST. art. I, § 13 ("The property of no person shall be taken for public use without just compensation therefor."). Siebers alleged that DOR took her property into their custody, used it for public purposes, including investing the property and earning income or interest and using it to fund the State's operations and programs, and then did not give her those earnings when they returned her original principal.

¶5 She asserted that her claim was brought on behalf of herself and as a class action under WIS. STAT. § 803.08 (2023-24).[1] The class represented those who had property taken into the custody of the State as abandoned, and upon a claim to the State had the principal returned, but were either not paid the interest the State earned or not paid all of the interest the State earned while the property was in State custody.[2] As relief, she requested class action status, just compensation, and attorney fees and costs pursuant to 42 U.S.C. § 1983.

¶6 The recovery of unclaimed property in Wisconsin is governed by WIS. STAT. ch. 177. At the time Siebers filed her claim and received her payment, the Uniform Unclaimed Property Act (the Act) was in effect. In November 2021, the legislature significantly revised WIS. STAT. ch. 177, via the Revised Uniform Unclaimed Property Act (the Revised Act), 2021 WIS. ACT 87.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

[2] The class excluded other government authorities, persons whose property was interest-bearing to the property owner on the date of surrender by the holder and who were paid interest equal to or greater than Defendants' earnings or interest, and persons whose only property at issue was non-monetary and returned before liquidation.

¶7    Under the Act, a person files a claim for property with the administrator, who has 90 days to consider the claim and then grant it in full or in part, or deny the claim with written notice. WIS. STAT. § 177.24(1)(a), (2) (2019-20). If the claim is allowed, the administrator pays the claimant "the amount the administrator actually received or the net proceeds of the sale of the property, together with any additional amount required" by law.[3] Sec 177.24(3)(a) (2019-20). If the claimant was aggrieved by the administrator's decision, the claimant "may bring an action to establish the claim in the circuit court, naming the administrator as a defendant." WIS. STAT. § 177.26 (2019-20).[4] The action must be brought within 90 days after the decision of the administrator. *Id.*

¶8    The Revised Act provided similar procedures for the return of unclaimed property, with a major difference that judicial review was now available under WIS. STAT. ch. 227 procedures. A person files a claim with the administrator, and not later than 90 days after the claim is filed, if sufficient evidence is received, the administrator shall pay or deliver the property to the owner, or provide written notice of denial. WIS. STAT. §§ 177.0903, 177.0904. The Revised Act also provides for the payment of interest, stating that "the owner is entitled to receive income or gain realized or accrued on the property on or

---

[3] Provisions of the Act required a property owner be paid interest or earnings under certain circumstances when the property was interest-earning or bearing at the time it was delivered to DOR's custody. WIS. STAT. §§ 177.21, 177.24 (2019-20). We note that Siebers excluded from her proposed class persons who held property that was interest-bearing at the time of transfer.

[4] The Act had different timelines when the administrator did not act on a claim for unclaimed property within 90 days of filing. WIS. STAT. § 177.26 (2019-20).

before the date the property is sold." WIS. STAT. § 177.0607(1).[5] "A person aggrieved by a claim denial of the administrator … may petition for judicial review of the decision or of the claim under [WIS. STAT. §] 227.52[]." WIS. STAT. § 177.0906(1). The petition for judicial review must be served and filed within 90 days after the claim denial. ***Id.***

¶9 DOR moved to dismiss, arguing that her action was barred by sovereign immunity. The circuit court agreed and dismissed Siebers' action. Siebers now appeals.

## DISCUSSION

¶10 Siebers argues that she stated a claim that the State's unclaimed property act violates the Fifth Amendment because the statutes did not require the State to convey any interest or earnings the State earned on the property it held when it returned that property. Siebers argues that the circuit court erred when it dismissed her action on the basis of sovereign immunity because the court incorrectly relied upon the Revised Act's judicial review provision, WIS. STAT. § 177.0906, and its requirements that she follow administrative review procedures under WIS. STAT. ch. 227. Further, she contends that the court erred when it dismissed her action for failing to state a claim upon which relief may be granted under 42 U.S.C. § 1983 or as a direct action under the Fifth Amendment.

¶11 "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." ***PRN Assocs. LLC v. DOA***, 2009 WI 53, ¶26, 317

---

[5] The Revised Act also contains provisions affecting the payment of interest under certain circumstances, particularly for amounts under $100 or property that was interest-bearing at the time it was delivered to the DOR's custody. WIS. STAT. §§ 177.0607(3), 177.0607(4).

5

Wis. 2d 656, 766 N.W.2d 559. "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review[.]" **Data Key Partners v. Permira Advisers LLC**, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. "A motion to dismiss based on sovereign immunity challenges a court's personal jurisdiction." **DNR v. Timber & Wood Prods. Located in Sawyer Cnty.**, 2018 WI App 6, ¶17, 379 Wis. 2d 690, 906 N.W.2d 707. Whether a claim is barred by sovereign immunity is a question of law that we independently review. **Canadian Nat. R.R. v. Noel**, 2007 WI App 179, ¶5, 304 Wis. 2d 218, 736 N.W.2d 900.

### I. Sovereign immunity

¶12    Sovereign immunity is the doctrine that "the State cannot be sued without its consent, and the legislature directs the manner in which suits may be brought against the State." **PRN Assocs. LLC**, 317 Wis. 2d 656, ¶51; WIS. CONST. art. IV, § 27 ("The legislature shall direct by law in what manner and in what courts suits may be brought against the [S]tate."). "A suit against a state agency constitutes a suit against the State for purposes of sovereign immunity." **PRN Assocs. LLC**, 317 Wis. 2d 656, ¶51. "If the legislature has not specifically consented to the suit, then sovereign immunity deprives the court of personal jurisdiction over the State, assuming that the defense has been properly raised." **Id.**

¶13    A defense of sovereign immunity alleges that a litigant failed to comply with the legislature's instructions on how actions may be brought against the State. *See* **PRN Assocs. LLC**, 317 Wis. 2d 656, ¶51. Judicial review of a decision made by the State or its administrative agencies is only allowed if the statutes expressly permit it. *See* **Pasch v. DOR**, 58 Wis. 2d 346, 352, 206 N.W.2d

157 (1973). Here, both the Act and the Revised Act provide a statutory right of judicial review of the administrator's decision on a property claim. WIS. STAT. § 177.26 (2019-20), WIS. STAT. § 177.0906. Although the Revised Act incorporates additional administrative procedures under chapter 227, both the Revised Act and the Act set a threshold requirement that an action for judicial review must be brought within 90 days of the decision. "Strict compliance with the statutes is required." *Currier v. DOR*, 2006 WI App 12, ¶23, 288 Wis. 2d 693, 709 N.W.2d 520. The record reflects that the DOR paid Siebers $264.74 on her filed claim in April 2021. Even with the most generous presumption that her claim was settled on the last day of April 2021, her filing date in September 2022 for her action in circuit court means that her complaint was not timely.

¶14 The circuit court concluded that Siebers' action for judicial review was governed by the Revised Act, which meant she had to follow the administrative review procedures in WIS. STAT. § 177.0906 to be able to bring an action against DOR. *See* **PRN Assocs. LLC**, 317 Wis. 2d 656, ¶51. "[I]f a statute is procedural or remedial, rather than substantive, the statute is generally given retroactive application." *Trinity Petroleum, Inc. v. Scott Oil Co., Inc.*, 2007 WI 88, ¶40, 302 Wis. 2d 299, 735 N.W.2d 1. Because Siebers failed to comply with administrative procedures in the Revised Act, the court concluded that sovereign immunity barred her action and it dismissed her action.

¶15 Although Siebers offers a multitude of reasons why applying the Revised Act and chapter 227 administrative procedures to her claim would be improper or lead to absurd results, ultimately, we agree with the DOR that Siebers did not comply with administrative procedure under either the Act or the Revised Act. In this case, we are not faced with Siebers' action surviving under one version and being dismissed under the other. Because we should decide cases on

the narrowest possible ground, we decline to determine whether the presumption of retroactive application of statutory enactment applies, in other words, whether Siebers' action should be governed by the Act or the Revised Act.[6] *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).

¶16    We conclude that Siebers' untimely complaint violated the statutory procedure for judicial review under the Act or the Revised Act. Therefore, sovereign immunity, which DOR properly raised as a defense in the motion to dismiss, deprived the circuit court of personal jurisdiction over the State. *See PRN Assocs. LLC*, 317 Wis. 2d 656, ¶51.

¶17    Siebers argues that sovereign immunity should not bar her action because it is an action for just compensation. Our supreme court concluded that the "doctrine of sovereign immunity has only limited applicability to actions against the state which allege a constitutional taking of private property without just compensation." *Zinn v. State*, 112 Wis. 2d 417, 435, 334 N.W.2d 67 (1983).

---

[6] Generally, a decision which overrules precedent or a statutory enactment is accorded retroactive effect. *See Trinity Petroleum, Inc. v. Scott Oil Co., Inc.*, 2007 WI 88, ¶40, 302 Wis. 2d 299, 735 N.W.2d 1; *Jacque v. Steenberg Homes, Inc.*, 209 Wis. 2d 605, 623, 563 N.W.2d 154 (1997). Under certain circumstances, "inequities will occur when a court departs from precedent and announces a new rule of law." *Id.* at 624. Our supreme court has recognized exceptions to the retroactive effect using "the device of prospective overruling, known as 'sunbursting,' to limit the effect of a newly announced rule when retroactive application would be inequitable." *Id.* "Sometimes the court will hold that a new rule applies only to future events," or to future events and the case before it, or only "to cases in which the trial has not yet begun or in which the time for appeal has not yet expired." *Harmann by Bertz v. Hadley*, 128 Wis. 2d 371, 378, 382 N.W.2d 673 (1986). Whether to "apply a judicial holding prospectively is a question of policy and involves balancing the equities peculiar to a particular case or rule so as to mitigate hardships that may occur in the retroactive application of new rules." *Colby v. Columbia Cnty.*, 202 Wis. 2d 342, 363-64, 550 N.W.2d 124 (1996). Here, because Siebers' action was untimely under either version, we need not determine whether to sunburst the Act. We may affirm the circuit court's result even if this court relies on different reasoning. *See State v. King*, 120 Wis. 2d 285, 292, 354 N.W.2d 742 (Ct. App. 1984).

The ***Zinn*** court held that "[u]nder the just compensation clause a property owner has a constitutionally mandated right to be compensated for property taken by the state and the absence of any statute providing for such a remedy does not bar the action." ***Id.*** at 437. However, under the sovereign immunity clause, "the legislature can provide specific procedures governing the recovery of such compensation as long as the procedure provides 'just compensation.'" ***Id.*** at 437-38.

¶18 With ***Zinn's*** holdings in mind, Siebers argues that WIS. STAT. § 177.26 (2019-20) did not provide a procedure for administrative review or a mechanism by which she could challenge that her principal was returned without earnings, in other words, without just compensation. We disagree. Section 177.126 (2019-20) provided a process for an aggrieved person to challenge a DOR decision. It is reasonable to infer from Siebers' current action that she considered herself aggrieved by DOR. There is no bar in the statutory process to challenge that her property was returned without just compensation.

¶19 Siebers' failure under the statutory procedure was waiting more than a year to file. Siebers may not now make an end-run around statutory procedure for judicial review to evade the untimely nature of her complaint. *See **State ex rel. First Nat. Bank of Wis. Rapids v. M & I Peoples Bank of Coloma***, 82 Wis. 2d 529, 542, 263 N.W.2d 196 (1978) (discussing a general principle in Wisconsin law that "where a method of review is prescribed by statute, the prescribed method is exclusive"). Ultimately, we conclude that because Siebers failed to satisfy the statutory procedure to bring an action to review DOR's decision, sovereign immunity applies to bar her action. *See **Timber & Wood Prods.***, 379 Wis. 2d 690, ¶17.

9

*II.    42 U.S.C. § 1983*

¶20    Siebers argues that her allegations state a claim under 42 U.S.C. § 1983 that the Department, Barca, and Chandler, both in their official and individual capacities, violated her constitutional rights.  The DOR argues that Siebers' allegations are insufficient.  "[T]he substantive law … drives what facts must be pled" to state a claim. *Data Key Partners*, 356 Wis. 2d 665, ¶31.

¶21    "Section 1983 provides a cause of action against '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State' deprives someone of a federal constitutional or statutory right." *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (emphasis omitted).  However, "neither a State nor its officials acting in their official capacities are 'persons' under [42 USC] § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does not allow a State to be "sued without its consent," in other words, a § 1983 claim does not avoid the effect of sovereign immunity.  *Will*, 491 U.S. at 67.  Therefore, Siebers cannot make a claim against the Department or either Secretary in their official capacities.[7]

¶22    In contrast, an action against a state official acting in an individual or personal capacity "impose[s] individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  "To establish personal liability, the plaintiff must show that the relevant official

---

[7] A suit against a state official acting in official capacity may exist when the plaintiff's action asserts "prospective, equitable relief" as a remedy and not damages. *Soderlund v. Zibolski*, 2016 WI App 6, ¶24, 366 Wis. 2d 579, 874 N.W.2d 561 (citation omitted); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  We do not address this issue any further because Siebers' complaint does not request prospective, injunctive relief as a remedy.

'caused the constitutional deprivation at issue' or 'acquiesced in some demonstrable way in the alleged constitutional violation.'" ***Gonzalez v. McHenry Cnty., Ill.***, 40 F.4th 824, 828 (7th Cir. 2022) (citation omitted).

¶23    Therefore, we consider whether Siebers has alleged sufficient facts to make a claim for relief against Secretaries Barca and Chandler in their individual or personal capacities under § 1983.  Siebers' allegations are that the secretaries were in charge of supervising or administering the Act and that it was reasonable to infer that they were personally involved and knew about, facilitated, or expressly approved of the Act's failure to pay interest.  She also argued that Chandler, who served as secretary until January 2019, and Barca, who began serving as secretary in January 2019, should have been aware of the Seventh Circuit holdings, culminating in the 2019 ***Goldberg*** decision, that the temporary takings of unclaimed property required the payment of interest or just compensation, and yet failed to take any action to change the Act.[8]

¶24    Based on our examination of the pleadings, we conclude that Siebers has not alleged sufficient facts to show that either secretary personally was involved in depriving her of just compensation.  A § 1983 claim based on personal capacity is premised on "an officer act[ing] independently when enforcing an

---

[8] Siebers' pleadings referenced three cases: ***Goldberg v. Frerichs***, 912 F.3d 1009, 1012 (7th Cir. 2019) (holding that Illinois could not refuse to pay interest on property returned through its unclaimed property act solely because the property was not earning net interest before it was transferred to the state); ***Kolton v. Frerichs***, 869 F.3d 532, 535 (7th Cir. 2017) (holding that Illinois' failure to pay interest on presumed abandoned property in its unclaimed property fund violated the takings clause and concluding a claim under 42 U.S.C. § 1983 survived); ***Cerajeski v. Zoeller***, 735 F.3d 577, 579 (7th Cir. 2013) (holding that under its unclaimed property act, Indiana could not take custody of property and retain income that the property earned, and while an administration fee may be charged, the owner must be allowed the benefit of the property's earnings, however large or small they turn out to be).

unconstitutional law." **Kolton v. Frerichs**, 869 F.3d 532, 536 (7th Cir. 2017). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." **Burks v. Raemisch**, 555 F.3d 592, 594 (7th Cir. 2009). Personal involvement cannot arise from a theory of respondeat superior. **Gentry v. Duckworth**, 65 F.3d 555, 561 (7th Cir. 1995).

¶25 Siebers has not alleged that the secretaries had knowledge that Department employees were depriving Siebers of her constitutional right to just compensation or that the secretaries were purposefully, knowingly, or recklessly ignoring the violation. *See* **Gonzalez**, 40 F.4th at 828. Her assertions that the secretaries should have known about the Seventh Circuit decisions and then worked to change how the Act operates is not alleging a personal misdeed or misuse of power by either secretary. *See* **Burks**, 555 F.3d at 595 (rejecting a prisoner's claim that a prison grievance handler "should be held liable because she carried out her job exactly as she was supposed to").[9] We therefore conclude that Siebers has failed to state a claim upon which relief may be granted under Section 1983 against the secretaries in their personal capacity, in their official capacity, and the Department.

---

[9] We observe that the Seventh Circuit has expressly rejected § 1983 liability in a personal capacity for officials administering similar programs in Illinois and Indiana. *See* **Kolton**, 869 F.3d at 536 (rejecting § 1983 claims against the treasurer of Illinois in his personal capacity, because although he administered the unclaimed property recovery program, he "did not pocket any earnings on Kolton's money. Illinois did"); **Gerlach v. Rokita**, 95 F.4th 493, 500 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1044 (2025) (rejecting § 1983 claims for Indiana officials in their personal capacity because the "interest her property earned while in state custody … flowed to the state, not individual state employees" and her action was only against the state officials in name, while the actual claim was against the state).

### III. Direct action under the Fifth Amendment

¶26    Siebers' final argument is that the circuit court improperly dismissed her claims because there is a direct action for just compensation under the Fifth Amendment.  The United States Supreme Court has recognized that "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it" and the property owner may bring an action under § 1983 at that time without first exhausting state law remedies. ***Knick v. Township of Scott***, 588 U.S. 180, 185 (2019).  However, ***Knick*** only provides a direct action in federal court, something Siebers has already tried and that has been dismissed.  "Even though the Fifth Amendment alone may support a cause of action for damages against the United States, the Eleventh Amendment stands as an express bar to federal power when a similar action is brought against one of the states." ***Garrett v. State of Ill.***, 612 F.2d 1038, 1040 (7th Cir. 1980).

¶27    Recently, the Supreme Court considered "whether a property owner may sue for just compensation directly under the Takings Clause" in state court; however, it ultimately left the question unresolved. ***DeVillier v. Texas***, 601 U.S. 285, 290, 292 (2024).  The Supreme Court concluded that because a "Texas state law provides a cause of action by which property owners may seek just compensation against the State" under both the Fifth Amendment and the Texas Constitution, the property owner was not without a remedy. ***Id.*** at 293.  It further concluded that "constitutional concerns do not arise when property owners have other ways to seek just compensation." ***Id.*** at 292.

¶28    The DOR argues that Wisconsin satisfies the procedural standard in ***DeVillier*** because, just as in Texas, Wisconsin "state law provides a cause of action by which property owners may seek just compensation against the State."

*Id.* at 293. Here, the Act and the Revised Act provide for judicial review of DOR decisions arising from abandoned or unclaimed property claims, which we have construed to include claims of takings from that abandoned property without just compensation. ***Devillier*** did not remove a property owner's requirement to follow administrative review procedure under state law. Therefore, we discern that because Siebers had access to judicial review, ***Devillier*** does not establish that she can bring her action directly in state court without complying with statutory procedures for review of administrative decisions. Therefore, we conclude that Siebers has failed to state a claim upon which relief may be granted as a direct action under the Fifth Amendment.

## CONCLUSION

¶29     For the reasons stated above, we conclude that Siebers' claims are barred by statutory immunity and she has not stated a claim upon which relief may be granted under 42 U.S.C. § 1983 or directly under the Fifth Amendment.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

14